**Robert Joseph CARLIN, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–84–147.**

Court of Criminal Appeals of Oklahoma.

June 3, 1986.

**466**

Michael S. Morgan, Sxlichta, Morgan & Ramsey, Stillwater, for appellant.

Michael C. Turpen, Atty. Gen., Thomas L. Spencer, Asst. Atty. Gen., and R. Bradley Miller, Legal Intern, Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Robert Joseph Carlin, was convicted of Unlawful Delivery of Marijuana in the District Court of Payne County in Case No. CRF–82–437 and sentenced to two and one-half (2½) years imprisonment, and he appeals.

Briefly stated the facts are that on October 8, 1983, in Cushing, Oklahoma, David Batton, a Payne County undercover narcotics investigator, purchased one (1) bag of marijuana from the appellant for thirty dollars ($30).

Officer Batton testified that he first met appellant in April, 1982, and became further acquainted with appellant over a period of months through beer drinking and playing pool at a local bar in Cushing, Oklahoma. The officer also testified that on several occasions preceeding the incident in question appellant asked him if he had any drugs that he would be willing to give him. He testified that he told appellant that he did not have any, but that he was looking for some to purchase. On cross examination, Officer Batton testified that on one occasion, in order to maintain his cover, he purchased two (2) amphetamine pills from another individual and gave them to appellant. The officer further testified that on October 8, 1982, appellant sold him one (1) bag of marijuana for thirty dollars ($30).

At trial, Darla Huffman was called by appellant as a witness. Ms. Huffman testified that she trained undercover narcotics officers and was in charge of eight (8) counties for the federal government under the name of Central Oklahoma Narcotics Task Force. However, when Ms. Huffman attempted to testify as to whether Officer Batton performed a good job in his undercover work, the trial court sustained the prosecutor's objection, but stated that appellant could offer evidence of entrapment. However, the appellant did not offer evidence of entrapment.

Appellant admitted that he sold the bag of marijuana to Officer Batton, but stated that he sold it for a friend who owned the marijuana and received the proceeds.

In his sole assignment of error, the appellant contends that the trial court's failure to allow Dala Huffman to testify as to the training and proposed activities of undercover narcotics officers in effect disallowed the defense of entrapment. Appellant argues that he attempted to show through her testimony that Mr. Batton did not properly conduct himself as a professionally trained undercover narcotics officer. Appellant further alleges that the

narcotics officer's admission that he gave two (2) amphetamine pills to appellant prior to appellant's sale of marijuana to the officer is an illegal act, and that Ms. Huffman's testimony concerning the officer's actions was critical to appellant's entrapment defense. Additionally, appellant contends that Ms. Huffman's opinion testimony should have been allowed by the trial court for the purpose of attacking Officer Batton's credibility. We disagree.

Initially, we note that when Ms. Huffman testified, the prosecutor objected to her opinion testimony and the trial judge stated that Ms. Huffman could testify concerning police procedure as it relates to entrapment, but that she could not give her opinion as to whether Officer Batton did a "good job" in the undercover assignment that resulted in appellant's arrest. However, since appellant did not avail himself of this opportunity, his argument that the defense of entrapment was in effect disallowed is without merit.

We are further of the opinion that Ms. Huffman's attempted opinion testimony did not have any relationship to the officer's character for truthfulness or untruthfulness; rather she was simply questioned concerning Officer Batton's ability as a law enforcement officer. Therefore, it does not fall within the purview of 12 O.S.1981, § 2608 which states in pertinent part:

A. The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, subject to these limitations:

1. The evidence may refer only to character for truthfulness or untruthfulness.

Moreover, on cross examination, appellant admitted that he sold marijuana to the undercover officer, and further admitted that all the officer did was just stand there and give him the opportunity to sell him the marijuana. In *Lampe v. State,* 540 P.2d 590, 594 (Okl.Cr.1975), we held that defendant's allegation of entrapment was frivolous where the officers merely told defendant that they would like to buy some marijuana, to which defendant readily assented without being subjected to any pressure or undue influence.

Finding no error warranting reversal or modification, the judgment and sentence is AFFIRMED.

PARKS, P.J., and BRETT, J., concur.